# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * * * * * *
DONALD R. MASIAS,                    *      No. 99-697V
                                     *      Senior Judge Robert H. Hodges, Jr.
                  Petitioner,        *      Special Master Christian J. Moran
                                     *
v.                                   *      Filed: May 14, 2013
                                     *
SECRETARY OF HEALTH                  *      Attorneys' fees and costs; reasonable
AND HUMAN SERVICES,                  *      hourly rate; reasonable number of
                                     *      hours; supplemental request
                  Respondent.        *
* * * * * * * * * * * * * * * * * * * * * * *
```

Robert T. Moxley, Esq., Robert T. Moxley, P.C., Cheyenne, Wyoming, for Petitioner;
Catharine Reeves, Esq., U.S. Department of Justice, Washington, D.C., for Respondent.

## PUBLISHED DECISION AWARDING ATTORNEYS' FEES ON THIRD SUPPLEMENTAL REQUEST FOR ATTORNEYS' FEES[*]

After approximately seven years of litigation devoted to attorneys' fees, this case appears ready to conclude. Mr. Masias filed his third supplemental request for attorneys' fees, seeking compensation for 35 hours of attorney work at $300 per hour. The total request is $10,500. Exhibit 100.

The Secretary opposes the request, in part. The Secretary argues that the number of hours requested for certain activities is unreasonable and the hourly rate is not supported.

Because the Secretary's objections are valid, the amount requested is reduced to a reasonable amount. The total awarded is $8,384.

---

[*] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

<u>DISCUSSION</u>

The Federal Circuit reviewed how to determine a reasonable amount of attorneys' fees in <u>Avera v. Sec'y of Health & Human Servs.</u>, 515 F.3d 1343 (Fed. Cir. 2008), where it endorsed the lodestar method. Pursuant to this approach, "a court first determines an initial estimate of a reasonable attorneys' fee by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." <u>Id.</u> at 1347-48. After this preliminary determination, the court "may then make an upward or downward departure to the fee award based on other specific findings." <u>Id.</u> (quotation marks and citation omitted).

A reasonable hourly rate for Mr. Masias's attorney has been discussed in previous adjudications in this case. Most recently, the undersigned found that a reasonable hourly rate for Mr. Moxley's work in 2011 was $257.00. <u>Masias v. Sec'y of Health & Human Servs.</u>, No. 99-697V, 2013 WL 658439, at *4 (Fed. Cl. Spec. Mstr. Jan. 31, 2013).

This rate needs to be adjusted for inflation. According to data released by the state of Wyoming, the rate of inflation for Wyoming in 2012 was 2.1 percent. Consequently, a reasonable hourly rate for Mr. Moxley in 2012 is $262.00 ($257 x 1.021 = $262.40).

The second variable in the lodestar formula is the reasonable number of hours. The pending invoice covers work performed in 2012, primarily on a motion seeking correction of clerical errors pursuant to Rule 60 of the Rules of the Court of Federal Claims and a motion seeking review of a fees adjudication. The total amount of time requested is 35 hours. Exhibit 100.

The Secretary argues that the amount of time spent on some activities, such as an attorney spending 0.3 hours (or 18 minutes) downloading a one page order, was excessive. The Secretary's objections are persuasive. Consequently, the number of hours is reduced from 35 to 32.

The ensuing lodestar calculation shows that the presumptively reasonable amount is $8,384 ($262 x 32). There is no basis to depart from this number.

<u>CONCLUSION</u>

Accordingly, **petitioner is awarded an additional $8,384.00 in attorneys' fees in the form of a check payable jointly to petitioner and petitioner's attorney, Robert T. Moxley.**

2

In the absence of a motion for review filed under RCFC, Appendix B, the clerk is directed to enter judgment according to this order.[1]  Pursuant to Vaccine Rule 28.1, the clerk is instructed to provide a copy of this decision to the presiding judge.

**IT IS SO ORDERED.**

s/Christian J. Moran
Christian J. Moran
Special Master

---

[1] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing the right to seek review.